# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

_____
)
**THOMAS V. GOMES**                      )
    **Plaintiff**                        )
                         )     **Civil Action**
**V.**                                   )
                         )     **No. _____**
**NORDIC FISHERIES, INC.**               )
    **Defendant**                        )
_____)

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.      The Plaintiff, Thomas Gomes, is a resident of Fairhaven, County of Bristol, Commonwealth of Massachusetts.

2.      The Defendant, Nordic Fisheries, Inc., is a corporation, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3.      On or about December 7, 2018, the Defendant, Nordic Fisheries, Inc., was doing business within the Commonwealth of Massachusetts.

4.      On or about December 7, 2018, the Plaintiff, Thomas Gomes, was employed by the Defendant, Nordic Fisheries, Inc.

5.      On or about December 7, 2018, the Plaintiff, Thomas Gomes, was employed by the Defendant, Nordic Fisheries, Inc., as a seaman, and a member of the crew of the F/V NESKONE.

6.      On or about December 7, 2018, the Defendant, Nordic Fisheries, Inc., owned the F/V NESKONE.

7.      The Defendant, Nordic Fisheries, Inc., chartered the F/V NESKONE from some other person or entity such that on or about December 7, 2018 the Defendant, Nordic Fisheries, Inc. was the owner pro hac vice of the F/V NESKONE.

8.      On or about December 7, 2018, the Defendant, Nordic Fisheries, Inc., operated the F/V NESKONE.

9.      On or about December 7, 2018, the Defendant, Nordic Fisheries, Inc., or the Defendant's agents, servants, and/or employees, controlled the F/V NESKONE.

10.      On or about December 7, 2018, the F/V NESKONE was in navigable waters.

11.      On or about December 7, 2018, while in the in the performance of his duties in the service of the F/V NESKONE, the Plaintiff, Thomas Gomes, sustained personal injuries.

12.      Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Thomas Gomes, was exercising due care.

### Jurisdiction

13.  This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

14.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and alternatively, 28 U.S.C. §1333.

## COUNT I

### Thomas Gomes v. Nordic Fisheries, Inc.

#### (JONES ACT NEGLIGENCE)

15.     The Plaintiff, Thomas Gomes, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.     The personal injuries sustained by the Plaintiff, Thomas Gomes, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.     As a result of said injuries, the Plaintiff, Thomas Gomes, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Thomas Gomes, demands judgment against the Defendant, Nordic Fisheries, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Thomas Gomes v. Nordic Fisheries, Inc.

#### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

19.     The Plaintiff, Thomas Gomes, reiterates the allegations set forth in paragraphs 1 through 14 above.

20.     The personal injuries sustained by the Plaintiff, Thomas Gomes, were due to no fault of his, but were caused by the Unseaworthiness of the F/V NESKONE.

21.     As a result of said injuries, the Plaintiff, Thomas Gomes has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Thomas Gomes, demands judgment against the Defendant, Nordic Fisheries, Inc., in an amount to be determined by a jury together with interest and costs.

### COUNT III

### Thomas Gomes v. Nordic Fisheries, Inc.

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23.     The Plaintiff, Thomas Gomes, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Thomas Gomes, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Thomas Gomes, demands judgment against the Defendant, Nordic Fisheries, Inc., in the amount of $50,000 for maintenance and cure, together with costs and interest.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

### RAISED IN COUNTS, I, II AND III.

Respectfully submitted for the
the Plaintiff, Thomas Gomes,
by his attorney,


/c/ Carolyn M. Latti
Carolyn M. Latti
BBO #567-394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: March 6, 2020